JOHN T. SHEPHERD, ET AL. *v.* J. N. STEWART.

**Enforcement of Gift of Real Estate.**

> A gift of town lots to an infant by her father by parol will not be enforced against a purchaser from the father after nearly forty years have elapsed since the gift was alleged to have been made, and where the evidence shows that the father had improved the lots by building houses upon them and where he had sold the same several times and repurchased them before making the final sale.

APPEAL FROM CARTER CIRCUIT COURT.

November 17, 1883.

OPINION BY JUDGE PRYOR:

The purpose of this action by one of the appellants was to recover two town lots in the town of Glasgow said to have been given to her by one Carter by parol made when she was an infant and about forty years before the action was instituted. The right of recovery is sought to be established by the admissions on the part of the father that it was a gift to his daughter and that he entered upon the lots and erected the houses, etc., with a view of holding it for her, and that he always recognized the property as his daughter's. The gift is established by the widow of Carter and the declarations made by the father established by many witnesses. The lot was unimproved

when the alleged gift was made in 1839. The father of this appellant, who was J. R. Strother, took possession of the lots, built upon them at that date or shortly after, sold them some four or five times and repurchased them, and finally sold them to the appellee. Neither father nor the daughter have a bond or deed evidencing their title, but the father swears that he purchased the lots in his own name and paid for them, and his frequent sales of the property show plainly the manner in which he claimed. His wife, the mother, corroborates in every particular the testimony of the husband and father, and after such a lapse of time, and the absence of any record title showing that the father held as tenant for life or for years, the court would not disturb the purchaser. There is nothing in the suggestion of an amicable holding for forty years under such circumstances; it matters not what admissions are proved as against a purchaser from the father, nor do we mean to say a recovery could be had against the father if he was in the possession.

Judgment *affirmed.*

*Jas. D. Jones, A. Duvall, W. C. Ireland, for appellants.*

*R. D. Davis, for appellee.*

